HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL R. KAHLER,

    Plaintiff,

    v.

MERCK SHARP & DOHME CORP.,

    Defendant.

Case No. 2:19-cv-01405-RAJ

ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT

## I. INTRODUCTION

Before the Court is Defendant's motion to dismiss Plaintiff's amended complaint. Dkt. # 14. For the reasons below, the Court **GRANTS** the motion.

## II. BACKGROUND

Bacillus Calmette-Guérin ("BCG") is a form of immunotherapy used to treat cancer. Dkt. # 11 at 2. In late 2016, Plaintiff Michael R. Kahler was diagnosed with bladder cancer, and his doctor treated the cancer with BCG, administering it on at least ten occasions. Dkt. # 11 at 2; Dkt. # 11-1 at 1. The treatment has since produced several side effects, including permanent scarring and chronic bladder irritation and spasms. *Id.*; Dkt. # 11-1 at 1. Mr. Kahler claims that these side effects were not articulated in the BCG product warning. Dkt. # 11 at 2; Dkt. # 11-3. He alleges that although he "contemplated the product could cause transitory irritation," he did not anticipate "permanent damage to his bladder." Dkt. # 11 at 3.

ORDER – 1

Mr. Kahler asserts a single cause of action for product liability. Dkt. # 11 at 3. He initially filed this action in King County Superior Court, but Defendant Merck Sharp & Dohme Corp. ("Merck") later removed to this Court. Dkt. # 1. Soon after, Mr. Kahler amended his complaint. Dkt. # 11. Merck moves to dismiss the amended complaint, and Mr. Kahler opposes that motion. Dkt. ## 14-16.

## III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires a court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

Mr. Kahler asserts a single claim for product liability but does not specify a theory. Dkt. # 11 at 3-4. Under Washington law, the Washington Product Liability Act ("WPLA") is the "exclusive remedy for product liability claims." *Macias v. Saberhagen Holdings, Inc.*, 282 P.3d 1069, 1073 (Wash. 2012) (en banc). Under the WPLA, a

ORDER – 2

plaintiff may state a claim under the following theories: (1) defective design, (2) failure to warn, (3) defective manufacture, or (4) breach of express or implied warranty. RCW 7.72.030.  Although a plaintiff "need not commit at the outset to one of these specific theories," the complaint must contain sufficient "non-conclusory factual allegations to support at least one." *Staub v. Zimmer*, Inc., No. 2:17-cv-00508-JLR, 2017 WL 2506166, at *2 (W.D. Wash. June 9, 2017).  But a court "will not presume to raise a claim that plaintiff failed to allege." *Laisure-Radke v. Par Pharm., Inc.*, 426 F. Supp. 2d 1163, 1170 (W.D. Wash. 2006).

Although Mr. Kahler need not specify his product liability theory at this stage, the Court will not raise and defend a claim that he has not pleaded.  Based on the complaint, Mr. Kahler's claim is based on a failure to warn.  Dkt. # 11 at 2 ("Nothing in said warnings indicate that the damage suffered by Mr. Kahler was possible, whether caused by manufacturing defect or improper handling protocol.").

**A.   Failure to Warn**

A manufacturer may incur WPLA liability if its product is not reasonably safe because the manufacturer failed to provide adequate warnings.  RCW 7.72.030.  To determine whether a product is not "reasonably safe," a plaintiff may use either a risk-utility test or a consumer expectation test.  RCW 7.72.030; *Kirkland v. Emhart Glass S.A.*, 805 F. Supp. 2d 1072, 1076 (W.D. Wash. 2011).  Mr. Kahler fails to state a claim under either.

Under the risk-utility test, a product is not reasonably safe if, at the time of manufacture, (i) the likelihood that the product would cause the plaintiff's harm or similar harms, and the seriousness of those harms, rendered the manufacturer's warnings inadequate and (ii) the manufacturer could have provided the warnings that the plaintiff alleges would have been adequate.  RCW 7.72.030(1)(b).  Here, the complaint says nothing of BCG's propensity for harm, or the severity of that harm, at the time of manufacture.  Dkt. # 11.  Nor does it identify which portion of the BCG warning is

ORDER – 3

deficient. Dkt. # 11 at 2; Dkt. # 11-3. Rather, the complaint merely attaches the complete BCG warning, leaving the Court and Merck to sift for a deficiency themselves. Dkt. # 11 at 2. Finally, the complaint does not articulate what additional or substitute language would have made it adequate. Dkt. # 11 at 2-3. Of course, Mr. Kahler need not provide the exact wording of the warning that he believes would have been sufficient. *Laisure-Radke v. Par Pharm., Inc.*, 426 F. Supp. 2d 1163, 1173 (W.D. Wash. 2006). But he must at least specify the substance of the substitute warning, which he has failed to do. *Id.* Thus, the complaint fails to allege that BCG is not reasonably safe under the risk-utility test.

The consumer expectation test, on the other hand, maintains that a product is not reasonably safe if it is "unsafe to an extent beyond that which would be contemplated by the ordinary consumer." *Emhart Glass*, 805 F. Supp. 2d at 1076; RCW 7.72.030(3). The complaint fails under this test too. Mr. Kahler alleges that he himself thought that BCG could "cause transitory irritation, but not permanent damage to his bladder."
Dkt # 11 at 3. But he does not allege that a reasonable consumer would have formed a similar belief or that BCG is unsafe beyond what a reasonable consumer would believe. So the complaint fails to allege that BCG is not reasonably safe under this test as well.

Finally, besides failing to plead that BCG is not reasonably safe, Mr. Kahler also fails to plead proximate cause. Mr. Kahler does not allege that if he or his physician were properly warned, they would have "treated the product differently and avoided the harm." *Luttrell v. Novartis Pharm. Corp.*, 894 F. Supp. 2d 1324, 1344 (E.D. Wash. 2012), *aff'd*, 555 F. App'x 710 (9th Cir. 2014). The complaint only alleges that Mr. Kahler did not contemplate permanent damage to his bladder before taking BCG; it does not allege that Mr. Kahler would have abstained from treatment if the label had properly apprised him or his physician of the risks. Dkt. # 11 at 3.

In sum, Mr. Kahler's complaint severely lacks non-conclusory factual allegations that state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568

ORDER – 4

(2007). Thus, it should be dismissed. Because Mr. Kahler's complaint is plainly deficient, the Court will not address Merck's learned intermediary affirmative defense.

## V.  CONCLUSION

Construing all the allegations in the light most favorable to Mr. Kahler, the Court finds that his amended complaint fails to state a claim for relief under Rule 12(b)(6). Merck's motion to dismiss is **GRANTED** and Mr. Kahler's amended complaint is **DISMISSED**.

**Within fourteen (14) days from the date of this Order**, Mr. Kahler may file a second amended complaint addressing the deficiencies addressed above. If Mr. Kahler does not file an amended complaint within that time, or if he files an amended complaint that does not state a cognizable claim for relief, the Court may dismiss the action without further leave to amend.

DATED this 27th day of May, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5